# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00142-CV

**Lickety Split Express, Inc., Appellant**

**v.**

**Lyndee Solutions, Inc., Appellee**

### FROM THE COUNTY COURT OF FAYETTE COUNTY
### NO. 3734, THE HONORABLE EDWARD F. JANECKA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment rendered by the Fayette County Court in a suit on a sworn account filed by appellee, Lyndee Solutions, Inc. against appellant Lickety Split Express, Inc. We will reverse the judgment.

After suit was filed, then-counsel for Lickety Split filed a general denial. Thereafter, Lyndee filed a motion for summary judgment. The hearing on the motion for summary judgment was set for December 5, 2018.

About a week before the scheduled hearing, Lickety Split retained new counsel, who only learned of the setting for the hearing when he called the clerk's office. Counsel then telephoned counsel for Lyndee, who agreed to continue the hearing. Counsel notified the court coordinator of the agreement and was told that the hearing would be passed. Lickety Split filed the agreed motion for continuance and a motion for leave to file a response to the summary-judgment motion on December 5. However, the trial court had already signed the summary

judgment affording Lyndee's requested relief on December 4, before the time of the scheduled hearing. Lickety Split first received notice of the December 4 judgment on January 9, 2019, when counsel telephoned the court to determine the status of the agreed motion for continuance.[1]

Lickety Split filed a motion for new trial on January 9, which the trial court denied on January 30. Lickety Split maintains in this Court that the trial court erred in rendering summary judgment before the scheduled hearing date. We agree.

When a hearing on a motion for summary judgment has been scheduled, and the trial court grants the motion before the scheduled hearing, the court violates the non-moving party's procedural due process right to be heard. *Texas Integrated Conveyor Systems, Inc. v. Innovative Conveyer Concepts, Inc.*, 300 S.W.3d 348, 363–64 (Tex. App.—Dallas 2009, pet. denied); *see Campbell v. Stucki*, 220 S.W.3d 563, 570 (Tex. App.—Tyler 2007, no pet.); Timothy Patton, *Summary Judgments in Texas* § 2.01[4][a] (Lexis Nexis 3rd ed. 2018).

The judgment is reversed and the cause remanded.

_____
Bob E. Shannon, Justice

Before Justices Triana, Smith, and Shannon*

Reversed and Remanded

Filed: February 14, 2020

* Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

---

[1] The trial court conducted a Rule 306a hearing, concluding that Lickety Split or its attorney first either received notice of the final judgment signed December 4, 2018, or acquired actual knowledge of the signing on January 9, 2019, a time more than twenty days after the final judgment was signed. Accordingly, the motion for new trial was timely filed, *see* Tex. R. Civ. P. 306a(4), and this Court has jurisdiction to entertain the appeal.